[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE.
The plaintiffs bring this action alleging fraud, misrepresentation, and unfair trade practices against the defendants, Michael D'Addabbo and Terry Fletcher. The plaintiff, Louis Brunette, and Messrs. D'Addabbo and Fletcher were partners in a number of joint ventures involving investments in the State of Florida. The gravamen of the plaintiff's allegations in his Third Amended Complaint[1] is that D'Addabbo and Fletcher fraudulently exaggerated the financial condition of the most prominent CT Page 11363 limited partnership to induce the plaintiffs to continue to fund these joint ventures with cash and with additional security, to the eventual damage of the plaintiffs.
Among the other defendants is Bristol Savings Bank (BSB), which moves to strike for failure to state a cognizable cause of action against it. Viewed in a light most favorable to the plaintiff, Bristol Savings Bank is involved as follows:
Count 1 — Fraud
1. An individual who is not named in the complaint served as counsel and as a director of BSB while simultaneously serving as a director of two companies of which Mr. Fletcher and Mr. D'Addabbo were officers and directors. 7, 8 and 9.
2. An individual who is not named in the complaint was president of BSB while simultaneously serving as an officer and director of two companies of which Fletcher and A'Addabbo [D'Addabbo] were officers and directors. 9, 7 and 8.
3. Fletcher was, during the relevant period, on the board of directors of BSB. 7.
4. Fletcher and D'Addabbo exercised control over BSB. 10.
5. BSB, along with such non-party lending institutions as Citytrust and the Bank of Stamford, made loans to the plaintiff which were "arranged for" by Fletcher and D'Addabbo. 26.
6. The plaintiff was induced by Fletcher and D'Addabbo to become the sole obligor on the loans, totalling $475,000.00, from BSB for the benefit of the partnership(s). 29.
7. The plaintiff(s) relied on certain misrepresentations of Fletcher and D'Addabbo and have been damaged as a result. 34 and 35.
8. BSB is liable to the plaintiffs as a principal or an aider and abettor of the fraud of Fletcher and D'Addabbo because BSB knew when it made the loans of the shaky financial condition of the partnership(s). 38.
Count Five and Six — Fraudulent Conveyance CT Page 11364
9. BSB accepted the pledge of certain trust assets by Fletcher and D'Addabbo for $3 million in loans. 44.
10. Nevertheless, such pledge to BSB was without consideration and in furtherance of shielding assets to satisfy the plaintiffs claims against Fletcher and D'Addabbo, so that it should be disgorged as a fraudulent conveyance. 45, 46, 47, 48, 49, 50 and 51.
Count Nine
11. The conduct of BSB breached an implied covenant of good faith and fair dealing with the plaintiffs. 43.
Count Twelve
12. The conduct of BSB is an unfair trade practice. 43. (sic).
The problem is that, even viewed in a light most favorable to the plaintiffs, the allegations relating to BSB fall short of stating a cause of action against it. The wrongful conduct relating to the fraud is that BSB made loans to the plaintiff(s) when it knew that the "financial condition of the [major] partnership . . . precluded the extension of any additional credit." 38.
This does not meet the definition of fraud or fraudulent misrepresentation, the first element of which is that the defendant make a false representation as a statement of fact. Billington v. Billington, 220 Conn. 212, 217 (1991). BSB is not alleged either to have made a representation nor to have made any statement of fact. As to the allegation that it aided or abetted the fraud of D'Addabbo or Fletcher, there is no allegation that BSB knew of any misstatement of fact made by D'Addabbo and Fletcher to the plaintiff or that BSB was aware of its as part of an overall illegal or tortious activity of D'Addabbo and Fletcher at the time it lent the money.
Some jurisdictions have recognized the tort of aiding and abetting a fraud, composed of the following elements:
 (1) the party whom the defendant aids must perform a wrongful act that causes an injury;
CT Page 11365
 (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance;
 (3) the defendant must knowingly and substantially assist the principle violation.
See, Halberstam v. Welch, 705 F.2d 472, 477 (D.C. Cir. 1983).
But the plaintiff's allegations against BSB do not meet these criteria.
As to Count Nine which alleges a breach of an implied covenant of good faith and fair dealing by BSB, the plaintiff has not pled facts that support the breach of such a covenant; rather the plaintiff has plead only the legal conclusion. What contract is the covenant a part of? What dealing was unfair? What was the precise duty owed by BSB to the plaintiffs that BSB breached in bad faith?[2]
As to Count Twelve, once again the plaintiff has failed to state any facts, as opposed to a legal conclusion, upon which a finding of unfair trade practices may be based. Although the brief of the plaintiff refers to a `scheme' to defraud the plaintiffs, such a scheme involving BSB as a knowing and active player is not alleged with particularity in the complaint.
Finally, the plaintiffs have not briefed their opposition to striking the fraudulent conveyance claims in Count Five and Six. However, that is not dispositive. If the complaint can be read as alleging a transfer to BSB without adequate consideration, it must still be alleged, with specificity, of what the fraud consists. Further, the conveyance must be in avoidance of a debt which the transferor owes to the plaintiff, who must be a creditor of the transferor. Conn. Gen. Stat. 52-552. These elements are absent from the complaint.
The court will obviously attempt to do justice to a plaintiff who has innocently been defrauded or unfairly dealt with. A plaintiff will not be allowed to cast an unreasonably wide net in an attempt to snare the big fish who may also have swum innocently or disingenuously in the same stream as the real culprits. CT Page 11366
The Motion to Strike the allegations against the defendant Bristol Savings Bank is granted.
PATTY JENKINS PITTMAN JUDGE, SUPERIOR COURT